IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>MICHAEL A. NOLAN,    )<br>Defendant.   )<br>)  | Criminal Case No. 3:24CR179 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Michael Nolan's Motion to Dismiss Under the Second Amendment and *Bruen* ("*Bruen* Motion to Dismiss"), ECF No. 14, Motion to Dismiss Under the Commerce Clause ("Commerce Motion to Dismiss"), ECF No. 15, and Motion to Dismiss Counts Two and Thirteen[1] Because 922(A)(2) is Void for Vagueness ("Vagueness Motion to Dismiss"), ECF No. 16.  For the reasons stated below, the Court rejects each of the Defendant's challenges and will deny all three motions.

**I. BACKGROUND**

The Defendant was indicted on December 4, 2024, on one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).  Indictment 1, ECF No. 1.  The Defendant was arraigned on December 16, 2024.  Prior to the instant charges, in 2010, the Defendant was convicted of felony Robbery and felony Attempted Robbery.  Resp. Def.'s Mot. Dismiss Indictment ("Gov't's Vagueness Resp.") 1, ECF No. 18.  Neither the Defendant's status as a convicted felon nor his previous convictions are in dispute.

---

[1] This title appears to be a typographical error, since Mr. Nolan is charged in a single-count indictment. *See* Indictment, ECF No. 1.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Defendant here requests that the Court dismiss the indictment against him. "An indictment may be dismissed if the statute on which the indictment is premised is unconstitutional." *United States v. Kearney*, 2023 WL 3940106, at *1 (E.D. Va. June 9, 2023); *cf.* Fed. R. Crim. P. 12(b)(3)(B) (permitting a defendant to, before trial, file a motion alleging a "defect in the indictment").

## III. DISCUSSION

### A. The Defendant's *Bruen* Challenge

Based on the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and the Supreme Court's recent application of *Bruen* in *United States v. Rahimi*, 602 U.S. 680 (2024), the Defendant argues that the statute upon which his indictment is premised, 18 U.S.C. § 922(g)(1), is unconstitutional on its face and as applied to him.

Section 922(g)(1) reads, in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition.

18 U.S.C. § 922(g)(1).

The Defendant argues that *Bruen* and *Rahimi* establish that § 922(g)(1) regulates conduct covered by the "plain text" of the Second Amendment, meaning that § 922(g)(1) is "presumptively unconstitutional" under *Bruen*'s test. *Bruen* Mot. Dismiss 4–9. Among other textual arguments, the Defendant points to the Supreme Court's "reject[ion]" in *Rahimi* of the "government's contention" that Congress can disarm individual citizens "because [they are] not 'responsible,'"

and he argues that he is thus among "the people" whose conduct the Second Amendment protects. *Id.* at 8–9 (quoting *Rahimi*, 602 U.S. at 701). Applying *Bruen* and *Rahimi,* the Defendant asserts that § 922(g)(1) is unconstitutional facially and as applied here and moves the Court to dismiss the Indictment against him.

Both of the Defendant's challenges are squarely foreclosed by binding precedent.[2] First, the Defendant's facial challenge is precluded by the Fourth Circuit's decision in *United States v. Canada (Canada II)*, --- F.4th at ---, 2024 WL 5002188, at *2 (4th Cir. 2024).[3] There, the Fourth Circuit determined that § 922(g)(1) "remains facially constitutional after *Bruen* and *Rahimi*." *United States v. Hunt*, --- F.4th ---, 2024 WL 5149611, at *3 (4th Cir. 2024) (applying *Canada II*, --- F.4th at ---, 2024 WL 5002188, at *2). Because this Court is bound by *Canada II*, it summarily rejects the Defendant's facial challenge to § 922(g)(1).

Second, the Fourth Circuit's even more recent decision in *United States v. Hunt*, --- F.4th ---, 2024 WL 5149611 (4th Cir. 2024), forecloses the Defendant's as-applied challenge. In *Hunt*, the Fourth Circuit determined that § 922(g)(1) plainly passes constitutional muster, whether considered in light of the Fourth Circuit's own precedent or through application of *Bruen*'s text-and-history analysis. *Hunt*, ---F.4th at ---, 2024 WL 549611, at *4–5. This is the same conclusion

---

[2] To his credit, the Defendant's Motion acknowledges that Fourth Circuit case law precludes his arguments. Mot. Dismiss 1.

[3] The Fourth Circuit first decided *Canada* in June of 2024. *United States v. Canada (Canada I)*, 103 F.4th 257 (4th Cir. 2024). On November 4, 2024, however, the Supreme Court vacated the Fourth Circuit's decision, "for further consideration in light of *United States v. Rahimi*." *Canada v. United States*, --- S. Ct. ----, 2024 WL 4654952 (Mem.) (2024). Relying on the Supreme Court's decision, the Defendant contends that *Canada* is no longer binding precedent. *Bruen* Mot. Dismiss 1. However, on December 6, 2024—three days after the Defendant filed the instant Motion—the Fourth Circuit decided *Canada II*, the iteration of *Canada* upon which this Court now relies. Therein, the Fourth Circuit determined that its previous decision in the matter fully complied with *Rahimi*, and, as such, "re-adopt[ed] and re-issue[d]" its previous decision. *Canada II*, 2024 WL 5002188, at *1. *Canada II* (and by extension, *Canada I*) is, accordingly, binding upon this Court.

3

reached by this Court in its very first decision on a *Bruen*-based motion to dismiss, in *United States v. Lane*, 689 F. Supp. 3d 232 (E.D. Va. 2023).  Notably, the Fourth Circuit in *Hunt* made explicit that its conclusion rested on the felony status of the defendant—not the particulars of the underlying conviction.  *Hunt*, --- F. 4th at ---, 2024 WL 5149611, at *7 ("[T]here is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." (quoting *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024))).  Accordingly, for the reasons this Court articulated in *Lane* and similarly for those the Fourth Circuit articulated in *Hunt*, § 922(g)(1) unequivocally survives the Defendant's as-applied challenge.  And because this Court is bound by *Hunt*, it cannot entertain the Defendant's as-applied challenge to § 922(g)(1).

**B. The Defendant's Commerce Clause Challenge**

In his second challenge, the Defendant argues that the Court should dismiss the Indictment against him because the jurisdictional element of § 922(g)(1) fails to satisfy the interstate nexus required to implicate Congress's Commerce Clause powers.  Commerce Mot. Dismiss 1–2.  In response, the Government argues that binding case law requires this Court to affirm the constitutionality of § 922(g)(1) under the Commerce Clause.  Resp. Def.'s Mot. Dismiss Indictment ("Gov't's Commerce Clause Resp.") 1–2, ECF No. 19.

The Court agrees with the Government.  In fact, the Fourth Circuit has flatly rejected the Defendant's exact argument and decided definitively that § 922(g)(1) satisfies the demands of the Commerce Clause:

> [Section] 922(g)(1) expressly requires the Government to prove the firearm was "ship[ped] or transport[ed] in interstate or foreign commerce"; "was possess[ed] in or affect[ed] commerce"; or was received after having "been shipped or transported in interstate or foreign commerce."  The existence of this jurisdictional element, requiring the Government to show that a nexus exists between the firearm and interstate commerce to obtain a conviction under § 922(g)(1) . . . satisfies the minimal nexus required for the Commerce Clause.

*United States v. Wells*, 98 F.3d 808, 811 (4th Cir. 1996) (quoting § 922(g)(1)).  The Court must reject the Defendant's argument to the contrary and will deny the Motion accordingly.

**C. The Defendant's Vagueness Challenge**

In his final challenge, the Defendant argues that the Court should dismiss the Indictment because § 922(g)(1) is unconstitutionally vague.  Vagueness Mot. Dismiss 1.  Specifically, the Defendant argues that § 922(g)(1) fails to adequately notify the public as to the requirements of the law due to ambiguity within one of the statute's exceptions, known as the Business Practices Clause, 18 U.S.C. § 921(a)(20)(A).  *See generally id.*  In response, the Government argues that the Business Practices Clause, when read in conjunction with the other statutory exceptions, is sufficiently specific to provide fair notice as to what § 922(g)(1) punishes.  Gov't's Vagueness Resp. 3–8.  The Court agrees with the Government and will deny the Vagueness Motion to Dismiss, as well.

An indictment violates a defendant's Fifth Amendment due process right when it charges a violation of "a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."  *Johnson v. United States*, 576 U.S. 591, 595 (2015).  Put differently, "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."  *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).  To successfully challenge a statute as being void for vagueness, a defendant must show a lack of fair warning of "what the law intends to do if a certain line is passed."  *McBoyle v. United States*, 283 U.S. 25, 27 (1931).

As described above, Mr. Nolan is charged with a single violation of § 922(g)(1).  Indictment 1.  Section 922(g)(1) prohibits any individual "who ha[s] been convicted in any court

5

of a crime punishable by imprisonment for a term exceeding on year" from "possess[ing] . . . any firearm or ammunition . . . which has been shipped or transported in interstate or foreign commerce."  § 922(g)(1).  Section 922(a)(20)(A), however, explains that "offenses pertaining to antitrust violation, unfair trade practices, restraints of trade, or *other similar offenses relating to the regulation of business practices*" may not serve as a predicate offense to § 922(g)(1).  18 U.S.C. § 921(a)(20)(A) (emphasis added).  The Defendant argues that the Business Practices Clause—the above-italicized portion of § 922(a)(20)(A)—is so open-ended that it renders § 922(g)(1) unconstitutionally vague.  *See generally* Vagueness Mot. Dismiss.

The Defendant's argument relies heavily on *Johnson v. United States*, 576 U.S. 591 (2015), wherein the Supreme Court determined that the Armed Career Criminal Act ("ACCA") was partially void for vagueness.  *Johnson*, 576 U.S. at 606.  By way of background, the ACCA operates to increase certain criminal defendants' mandatory minimums to fifteen years when their criminal history includes "three or more convictions for a 'serious drug offense' or a 'violent felony.'"  *Id*. at 593 (citing 18 U.S.C. § 924(e)(1)).  The ultimately constitutionally vague aspect of the statute lay within the definition of "violent felony."  In relevant part, the ACCA defined the term as:  "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."  *Id*. at 594 (quoting 18 U.S.C. § 924(e)(2)(B)) (emphasis in original).  The italicized portion of the definition was known as the ACCA's "residual clause."  *Id*.

The defendant in *Johnson* argued that the open-ended nature of the ACCA residual clause "fail[ed] to give ordinary people fair notice of the conduct it punishes" and resulted in "arbitrary enforcement."  *See id.* at 595–96 (quoting *Kolender*, 461 U.S. 357–58)).  The Supreme Court

agreed, reasoning that the enumerated crimes which preceded the ACCA residual clause were so wide-ranging in kind that they failed to notify the public as to what might constitute "other[] . . . conduct that presents a serious potential risk of physical injury to another." *Id.* at 596–97 (quoting § 924(e)(2)(B)). Accordingly, the Court held that the clause "denie[d] fair notice to defendants," "invite[d] arbitrary enforcement by judges," and was thus void for vagueness under the Fifth Amendment. *Id.* at 597.

In this case, the Defendant argues that the Business Practices Clause suffers from the same defect as the ACCA residual clause. Vagueness Mot. Dismiss 6. The Court, however, disagrees. The Business Practices Clause, unlike the ACCA residual clause, is preceded by enumerated crimes—"antitrust violation, unfair trade practices, restraints of trade"—that share a clear, common theme which operates to notify the public of the scope of "other similar offenses relating to the regulation of business practices." § 921(a)(20)(A). As described by the Eighth Circuit while considering an argument identical to the Defendant's:

> [U]nder the doctrine of *noscitur a sociis,* which instructs that a word is "known by the company it keeps," *Gustafson v. Alloyd Co.,* 513 U.S. 561, 575 (1995), we "avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words, thus giving unintended breadth to the Acts of Congress," *id.* (internal quotation omitted). Thus, while the term "unfair trade practices" *can* apply broadly to any inequitable business practice, the meaning it carries here must be determined by reference to the other two enumerated terms—antitrust violations and restraints of trade—both of which clearly involve negative economic effects on consumers or competition. *See Black's Law Dictionary,* 104 (8th ed. 2004) (defining "antitrust law" as "[t]he body of law designed to protect trade and commerce from restraints, monopolies, price-fixing, and price discrimination."); *id.* at 1340 (defining "restraint of trade" as "1. A limitation on business dealings or professional or gainful occupations. 2. *Antitrust.* An agreement between or combination of businesses intended to eliminate competition, create a monopoly, artificially raise prices, or otherwise adversely affect the free market."). This choice of enumerated terms suggests that Congress intended to exclude from § 922(g)(1)'s prohibition those felons convicted under criminal statutes addressing only economic harm to competition or consumers, but not to exclude those felons convicted under criminal statutes designed primarily to address other societal concerns.

*United States v. Stanko*, 491 F.3d 408, 415–16 (8th Cir. 2007).  In other words, the enumerated crimes preceding the Business Practices Clause cabin its applicability to those offenses which have purely economic or competitive harm.  *Id.*; *accord United States v. Schultz*, 586 F.3d 526, 531 (7th Cir. 2009); *United States v. Coleman*, 609 F.3d 699, 707 (5th Cir. 1997); *United States v. Horma*, 2018 WL 4214136, at *13 (E.D. Va. Sept. 4, 2018); *United States v. Kruckel*, 1993 WL 765648, at *16 (D.N.J. Aug. 13, 1993).  Thus, unlike the "indetermina[te] . . . wide-ranging inquiry" required by the unconstitutional ACCA residual clause, *Johnson*, 576 U.S. at 597, the shared character of the enumerated crimes in the Business Practices Clause invites consistent application by the courts.  *See Horma*, 2018 WL 4214136, at *15–16 (contrasting the ACCA residual clause against the Business Practices Clause).[4]

Section 922(a)(20)(A) survives the Defendant's vagueness challenge for the same reasons that the Business Practices Clause is distinct from the ACCA's residual clause.  As explained by the numerous courts that have considered a vagueness challenge to § 922(a)(20)(A), the enumerated crimes preceding the Business Practices Clause, combined with the Clause's applicability to only those offenses "similar to" the enumerated crimes, provides adequate notice to the public as to what § 922(g)(1) prohibits.  *E.g.*, *Schultz*, 586 F.3d at 531 ("the word 'similar' limits the term 'offenses,' so that it refers back to the three enumerated offenses, and is further limited by 'relating to the regulation of business practices' . . . an ordinary individual would have notice that the § 921(a)(20)(A) exception applies only if he or she committed an enumerated or

---

[4] In the alternative, the Defendant argues that the Court should dismiss the Indictment because the felonies upon which his § 922(g)(1) are predicated—felony Robbery and felony Attempted Robbery, Gov't's Vagueness Resp. 1—are offenses exempted by the Business Practices Clause.  Vagueness Mot. Dismiss 8 (quoting 18 U.S.C. § 921(a)(20)(A)).  Because Robbery and Attempted Robbery cause social harm far beyond their economic implications, the Court finds that the Defendant's criminal history falls well outside of the Business Practices Clause, and serves as an adequate predicate to the instant § 922(g)(1) charge.

similar offense related to the regulation of business practices"); *Coleman*, 609 F.3d at 707 ("the plain meaning of the statute indicates Congress's intent to limit the offenses that fall within the § 921(a)(20)(A) exclusion to those pertaining to antitrust violations, unfair trade practices, restraints of trade, or offenses *similar* to them"). Accordingly, the Court will deny the Defendant's Vagueness Motion to Dismiss.[5]

## IV. CONCLUSION

For the reasons detailed above, the Court rejects each of the Defendant's challenges. The Motions to Dismiss will be collectively denied. An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: February 6, 2025
Richmond, Virginia

---

[5] The Defendant argues that the rule of lenity should require the Court to construe the statutory scheme in his favor. Vagueness Mot. Dismiss 10. The rule of lenity, however, only applies where there is a statutory ambiguity. *E.g.*, *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 16 (2011). Because the Court has found no ambiguity in the Business Practices Clause, the Court also rejects this argument.